# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-784V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
ADRIANE DAVIS AND SYLVESTER                     *
DAVIS, on behalf of E.D., a minor child,        *
                                                *
                                                *   Special Master Jennifer A. Shah
               Petitioners,                     *
                                                *
v.                                              *   Filed: November 18, 2025
                                                *
SECRETARY OF HEALTH AND                         *
HUMAN SERVICES,                                 *
                                                *
               Respondent.                      *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**ORDER GRANTING IN PART PETITIONERS'
MOTION FOR LEAVE TO SERVE DISCOVERY**[1]

### I.     Relevant Procedural History

I held an entitlement hearing in this case on January 27, 2025, in Washington, D.C. During the hearing and in their expert reports, both parties' experts opined about an article by Besson-Duvanel et al., *Antibodies directed against rubella virus induce demyelination in aggregating rat brain cell cultures*. J NEUROSCI RES. 2001 Sep 1; 65(5):446-54 (Ex. D, Tab 3) ("Besson"); *see also* Ex. 70 at 7-8, Ex. D at 3-5. At the hearing, Respondent's expert, Dr. Max Wiznitzer, explained his concerns about a purported sequence homology Besson identified between the rubella virus E2 glycoprotein and myelin oligodendrocyte glycoprotein ("MOG"). Tr. at 140-43. During cross-examination, Dr. Wiznitzer was asked why he had not contacted the publisher of Besson or the paper's authors to address the claimed error with the paper's homology finding. *Id.* at 168-70. Dr. Wiznitzer testified that, at some point, he did attempt to contact the senior author of the paper but could not reach him. *Id.* at 169. He testified that although he would not attempt to contact the

---

[1] Because this Order contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

authors again during a pending case, he might, at the invitation of the Court, try again after the case concluded.[2]  *Id.* at 174.

After the entitlement hearing, I held a status conference with the parties informing them that I believed there was litigative risk on both sides and that they should consider engaging in informal settlement negotiations.  ECF No. 83.  The parties began informal settlement talks.  ECF Nos. 86, 87, 88, 90, 92, 94, 97.

On October 8, 2025, Respondent filed a retraction of the Besson paper by its publishing journal, the *Journal of Neuroscience Research* (the "Journal").  Ex. E.  The retraction stated:

> The retraction has been agreed upon following an investigation into concerns raised by a third party.  The article purports a homology between amino acid sequences of myelin oligodendrocyte glycoprotein (MOG) and the rubella virus E2 glycoprotein.  However further analysis has demonstrated that the referenced sequences are not present in the mature MOG proteins. The authors did not respond to address the concerns and did not provide their original data.  As a result, the editors consider the conclusions of this article to be unsupported.

*Id.* at 1.  The next day, Petitioners filed a motion to strike Exhibit E, arguing that it was filed after the close of the evidentiary record and under questionable circumstances.  ECF No. 99.  They requested a status conference to discuss engaging in further discovery about the circumstances surrounding the retraction.  *Id.*  The parties then filed additional briefs outlining their respective views on the motion to strike.  ECF Nos. 101, 103.

On October 30, 2025, Petitioners filed the present Motion, seeking to issue subpoenas to the editor-in-chief of the Journal, Dr. Lawrence Sherman, and the publisher of the Journal, Wiley Periodicals, LLC.  ECF No. 104.  Petitioners seek (1) any emails, letters, text messages, or other correspondence or communications regarding Besson or its retraction exchanged within the past two years; and (2) any notes of communication regarding Besson or its retraction generated within the past two years.  *Id.* at 2.  Petitioners also request that Respondent and Dr. Wiznitzer be directed to produce the same categories of materials.  *Id.*

On November 12, 2025, Respondent filed a response objecting to the Motion.  ECF No. 105.  Respondent argues that Petitioners have not explained the relevance of their requested discovery to the entitlement case, why it would be unfair or a due process violation not to allow this, nor why the burden of producing such discovery would be outweighed by the potential usefulness of the information sought.  *Id.* at 2-4.  Furthermore, Dr. Wiznitzer has filed an affidavit averring that (1) he initiated contact with the Journal after the entitlement hearing because of his concerns about Besson's accuracy; and (2) he was not directed by Respondent or Respondent's counsel to make this contact.  *Id.* at 4.  This makes further discovery of Dr. Wiznitzer, Respondent, or Respondent's counsel unnecessary.  *Id.*

---

[2] Dr. Wiznitzer further testified that he believed contacting the authors during litigation might be criticized as "meddling."  Tr. at 172.

Petitioners filed a reply, arguing that discovery into the retraction was necessary to determine the evidentiary value of the retraction. ECF No. 106. Petitioners state that discovery would be limited in scope and its usefulness would outweigh the burden of production. *Id.* at 4-8.

I held a status conference on November 17, 2025, to discuss both this Motion and the motion to strike. *See* ECF No. 107. I hereby grant Petitioners' Motion for Leave to Serve Discovery in part.

## II.    Applicable Legal Standards

Formal discovery is not a matter of right in the Vaccine Program, but a special master has the authority to order such discovery under certain circumstances. In particular, the Vaccine Act provides:

> (B) In conducting a proceeding on a petition a special master—
>
> (i) may require such evidence as may be reasonable and necessary,
> (ii) may require the submission of such information as may be reasonable and necessary,
> (iii) may require the testimony of any person and the production of any documents as may be reasonable and necessary,
> (iv) shall afford all interested persons an opportunity to submit relevant written information— ...and
> (v) may conduct such hearings as may be reasonable and necessary.
>
> There may be no discovery in a proceeding on a petition other than the discovery required by the special master.

42 U.S.C. § 300aa–12(d)(3)(B).

> "Reasonable and necessary" has been interpreted to mean that the special master should require production if the master concludes that, given the overall context of the factual issues to be decided by the master, he or she could not make a *fair and well-informed* ruling on those factual issues without the requested material. Requiring the requested testimony or document production must also be "reasonable" under all the circumstances, which means that the special master must consider the *burden* on the party who would be required to testify or produce documents. That is, the importance of the requested material for purposes of the special master's ruling must be balanced against the burden on the producing party.

*In re Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder or a Similar Neurodevelopmental Disorder*, 2004 WL 1660351, at *9 (Fed. Cl. Spec. Mstr. July 16, 2004) (emphasis in original) ("*Omnibus Autism Proceeding*"); *see also Werderitsh v. Sec'y of Health & Hum. Servs.*, No. 99–319V, 2005 WL 3320041, at *4–*5 (Fed. Cl. Spec. Mstr. Nov. 10, 2005).

### III. Analysis

I find that discovery is reasonable and necessary to the extent described below and therefore grant Petitioners' Motion in part. At this point, I have some questions relating to the possible initiation of the retraction by Dr. Wiznitzer. I believe that tailored discovery from the Journal as to the circumstances surrounding the retraction could affect how I interpret the paper and retraction, as well as my view of Dr. Wiznitzer's overall credibility. This would not be an unduly burdensome request.

However, at this time, I do not believe it is reasonable and necessary for a subpoena to cover a period of more than one year, as all of the relevant events apparently occurred during the past year. I also do not find it reasonable and necessary for a separate subpoena to be issued to Dr. Sherman, as the subpoena to the Journal will cover the same materials. Finally, I do not believe it is reasonable and necessary at this point to order discovery of communications from Dr. Wiznitzer or Respondent, as Dr. Wiznitzer has already averred to the Court that he acted on his own volition and without prompting from Respondent or his counsel. Ex. F at 2.

Thus, I will grant the request for a subpoena to the Journal only for the following:

1) any emails, letters, text messages, or other correspondence or communications regarding the Besson paper or retraction of the paper exchanged within the past year; and
2) any notes of communication regarding the Besson paper or retraction of the paper generated within the past year.

Pursuant to Vaccine Rule 7(c) and the Rules of the United States Court of Federal Claims (*see* Rule 45(a)(3) of the main body of the Rules), Petitioners' counsel is hereby authorized to sign and serve a trial subpoena upon the following:

CT Corporation
28 Liberty Street
New York, NY 10005

As registered agent/general counsel for:
Journal of Neuroscience Research,
John Wiley & Sons, Inc.
111 River St, Hoboken, NJ, 07030

The form of the subpoena shall be obtained from Appendix of Forms (Form 7A) of the above-mentioned Rules.

Petitioner's Motion is otherwise **DENIED**.

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at sydney_lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master
